IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07CV45-1-V
5:03CR14-V

| JAIRTON GRANDOS-ARRENDONDO, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | **O R D E R** |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent, | ) |  |
|  | ) |  |

**THIS MATTER** is before this Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed April 20, 2007. For the reasons stated herein, Petitioner's Motion to Vacate will be denied and dismissed

## PROCEDURAL HISTORY

On March 27, 2003, a two-count Superceding Indictment was filed charging Petitioner with violating 21 U.S.C. §§ 841 and 846 and 18 U.S.C. § 2. On August 15, 2003, the Government filed a 21 U.S.C. § 851 notice. On September 17, 2003, Petitioner's counsel filed a Motion to Withdraw as Counsel which was granted by this Court on September 24, 2003. On July 28, 2004, after trial by jury, Petitioner was convicted on both counts. On the special verdict form the jury indicated that it found Petitioner guilty of conspiracy to possess with intent to distribute 6.5 kilograms of cocaine and possession with intent to distribute 6.5 kilograms of cocaine. On February 8, 2005, this Court sentenced Petitioner to 240 months imprisonment.

That same day, Petitioner filed a Notice of Appeal. On March 8, 2006, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's sentence and conviction. The Fourth Circuit's mandate was issued March 30, 2006. On April 20, 2007, Petitioner filed the instant, timely Motion to Vacate, Set Aside, or Correct Sentence alleging that he had received ineffective assistance of counsel.

## INITIAL REVIEW AUTHORITY

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that Petitioner is not entitled to any relief on his claims.

## ANALYSIS

Claims of ineffective assistance of counsel are governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional

assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.1992), cert. denied, 506 U.S. 885 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

### A. During the Plea Process

Petitioner alleges that his counsel was ineffective because he failed to inform him that he had the option of entering a straight-up plea in addition to the options of entering a plea agreement or going to trial. Petitioner states that he rejected plea agreements because he would not agree to cooperate with the Government. Petitioner states that had he been given the option to enter a straight-up plea he would have done so. Petitioner asserts that he was prejudiced by his counsel's omission because he would have entered a straight-up plea before the Government filed the § 851 notice and therefore his sentence would have been less than the 240 months statutory minimum that resulted from his § 851 notice.

Petitioner's claim is based upon the erroneous assumption that a quick plea would have resulted in no § 851 notice being filed. Petitioner alleges no factual basis for this assertion. A § 851 notice must be entered prior to trial or before the entry of a guilty plea 21 U.S.C. § 851(a)(1). Had Petitioner quickly indicated that he wished to enter a straight-up guilty plea there is simply no evidence to support the conclusion that the Government would not have investigated Petitioner's criminal history sooner so as to timely file a § 851 notice. Consequently, Petitioner cannot establish that he was prejudiced by his counsel's alleged failure to inform him of the option of entering a straight-up guilty plea.

Petitioner also alleges that his counsel was ineffective because he failed to "make specific

3

calculations as to [Petitioner's] likely guideline sentence . . . ." Petitioner was sentenced to his statutory minimum sentence. As such, Petitioner was not prejudiced by any alleged failure by his counsel with regard to Petitioner's guideline sentence.

### B. Failure to Challenge § 851 Predicate Offense

Petitioner alleges that his counsel was ineffective for failing to object to the Court's use of his 1994 Texas simple possession conviction as a "prior conviction for a felony drug offense" under § 841. Petitioner argues that this 1994 Texas conviction did not qualify as a prior conviction for a felony drug offense because simple possession is not a "controlled substance offense" under § 4B1.1 and 4B1.2. Petitioner's argument is based on case law dealing with predicate offenses under § 4B1.1 and 4B1.2 for Career Offender purposes or qualifying offenses under § 924(e)(1). The analysis for a prior conviction used to enhance the statutory minimum for a § 841 conviction, as is the case in Petitioner's criminal proceeding, is distinct from the analysis for a prior conviction used to establish a Career Offender status or § 924(e)(1) status.

A review of Petitioner's pre-sentence report indicates that the predicate conviction used to enhance his statutory minimum under § 841 was a 1994 Texas conviction for possession of cocaine for which Petitioner received a 12 year sentence. A felony is an offense punishable by greater than one year imprisonment. As Petitioner received a sentence of greater than one year his Texas conviction was a felony conviction. As Petitioner's conviction was for possessing cocaine it was clearly a drug offense. Petitioner's 1994 Texas conviction for possession of cocaine therefore qualifies as a felony drug offense. Any objection raised by counsel would not have prevailed.

**THEREFORE, IT IS HEREBY ORDERED that** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED**.

Signed: June 11, 2007

Richard L. Voorhees
United States District Judge