IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07CV45-1-V

| | |
|---|---|
| JAIRTON GRANDOS ARREDONDO, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court upon Petitioner's Rule 59(e) Motion to Reconsider, filed June 29, 2007, which this Court will construe as a Rule 60 motion, because it was filed more than ten days after entry of judgment against Petitioner.[1] For the reasons stated below, Petitioner is directed to remove all successive claims from his Motion to Reconsider. Plaintiff's failure to do so will result in his entire Motion to Reconsider being treated as a successive application.

On March 17, 2005, Petitioner was convicted of conspiracy to possess with intent to distribute five kilograms or more of cocaine and possession with intent to distribute five kilograms or more of cocaine. Petitioner was sentenced to 240 months imprisonment. Petitioner filed a timely § 2255 Motion on April 20, 2007. (Document No. 1). This Court sua sponte

---

[1] Judgment was entered against Petitioner by Order (Doc. No. 2) dated June 11, 2007. A motion to alter or amend judgment filed within ten days of entry of judgment is properly considered a Rule 59(e) motion regardless of how it is styled; a motion filed later than ten days after entry of judgment is considered a Rule 60 motion. See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978). Petitioner's Motion was filed on June 29, 2007, so this Court will construe his Motion as a Rule 60 motion.

dismissed Petitioner's Motion by Order dated June 11, 2007. (Document No. 2). Petitioner subsequently filed the subject Motion.

In his Motion to Reconsider, Petitioner argues that this Court should have directed the Government to respond to Petitioner's Motion. Petitioner states that a government response would have substantiated the factual assertions made in his affidavit. This claim alleges a defect in the collateral review process and is properly raised in a Motion to Reconsider. However, Petitioner also raises substantive arguments in his Motion to Reconsider.[2] In United States v. Winestock, 340 F. 3d 200, 207 (4th Cir. 2003), the Fourth Circuit stated that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." When, as here, the Rule 60(b) Motion to Reconsider contains claims subject to the requirements for successive applications, as well as cognizable claims under Rule 60(b), "the district court should afford the applicant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive application." Id.

Pursuant to Winestock, this Court will afford Petitioner an opportunity to delete the improper claims from his Motion to Reconsider. If Petitioner chooses not to take such action,

---

[2] Petitioner raises the following substantive arguments: (1) the Court should reconsider dismissal of his ineffective assistance of counsel claim because counsel failed to advise him that even if he did not cooperate with the prosecution, he would not receive a § 851 enhancement if he plead guilty; and (2) that the Court erred in finding no Strickland prejudice because the Court should have based its prejudice determination not on the fact that he was sentenced to the statutory minimum of twenty years imprisonment, but that the mandatory minimum sentence would have been ten years if his lawyer had properly advised him and he had accepted the plea agreement.

this Court will construe Petitioner's entire Motion to Reconsider as a successive application.

**IT IS HEREBY ORDERED** that within 15 days of the date of the filing of this Order Petitioner must delete all improper claims from his Motion to Reconsider. If Petitioner fails to take such action, this Court will treat Petitioner's entire Motion to Reconsider as a successive application subject to dismissal for failure to obtain advance leave from the Fourth Circuit Court of Appeals.

Signed: August 13, 2007

Richard L. Voorhees
United States District Judge